## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter:    11 |
| | ) | |
| | ) | Case No.    25-19761 |
| Bacci Café & Pizzeria on Milwaukee | ) | Judge:       Michael B. Slade |
| Ave, Inc., | ) | |
| Debtor. | ) | |

### NOTICE OF MOTION FOR AUTHORITY
### TO PAY PRE-PETITION PAYROLL
### AND FOR SHORTEN NOTICE

To: See Attached List

PLEASE TAKE NOTICE THAT ON **January 5, 2026 at 9:30 a.m.,** I will appear before the **Honorable Judge Michael B. Slade,** or any Judge sitting in that judge's place, **either in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL,** or **electronically** as described below, and present the attached *Debtor's Motion for Authority to Pay-Petition Payroll and to Shorten Notice,* a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: https//www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at **1-669-254-5252** or **1-646-828-7666.** Then enter the meeting ID and password.

**Meeting ID and password.** The **meeting ID** for this hearing is **160 817 7512** and the password is **623389.** The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.
**The Motion may be opposed on the basis that emergency treatment is not appropriate.**

By: _/s/  Richard G. Larsen_
Attorney for Debtor(s)

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

## CERTIFICATE OF SERVICE

I, Richard G. Larsen,

[X]an attorney, certify

- or –

[ ] a non-attorney, declare under penalty of perjury under the laws of the United States of America.

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on **December 30, 2025**, at 5:30 p.m.


/s/Richard G. Larsen/s/

## SERVICE LIST

**ECF Service:**

*All parties entitled to ECF Notification through the U.S. Bankruptcy Court, Northern District of Illinois, including but not limited to:*

*Via Electronic Service*

United States Trustee
Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Mark L. Evans
180 North LaSalle Street
Ste.2750
Chicago, IL 60601
mevans@levingsburg.com

Sameena Nabijee
Illinois District Counsel
U.S. Small Business Administration
Sameena.nabijee@sba.gov

Ryan Huettel
321 N Clark St., Ste.  3000
Chicago, IL 60654
Ryan.huettel@foley.com

James T. Hyun
3400 Dundee Rd.,
Ste. 150
Northbrook, IL
60062
jthyunlaw@gmail.com

*Overnight FedEx*

Bacci Cafe & Pizzeria on Milwaukee Ave, Inc.
4367 N Milwaukee Ave
Chicago, IL 60641

Bill MeLater/WebBank
c/o Ryan Huettel
321 N Clark St., Ste.
3000
Chicago, IL 60654


Battaglia Distributing Corp.
c/o Mark L. Evans
180 North LaSalle
Street, Ste. 2750
Chicago, IL 60601

EF Properties
Management, Inc.
c/o James T. Hyun
3400 Dundee Rd.,
Ste. 150
Northbrook, IL
60062

U.S. Small Business
Administration
2 North Street, Suite 320
Birmingham, AL 35203

Funding Circle
747 Front St.
San Francisco, CA 94111

Funding Metrics,LLC
3220 Tillman Drive
Suite 200
Bensalem, PA 19020

Internal Revenue Service Centralized
Insolvency Operation
PO 7346
Philadelphia, PA 19101-7346

On Deck
1400 Broadway 25th
Floor
New York, NY 10018

Rewards Network
c/o Sharon Morales
2N Riverside Plaza
Chicago, IL 60604

Square Capital, LLC
208 S. LaSalle St.,
Suite 814
Chicago, IL 60604

Illinois Department of Revenue
BK Unit Level 7-425
100 W. Randolph St.
Chicago, IL 60601

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 25-19761 |
| Bacci Café & Pizzeria on Milwaukee | ) | Judge: | Michael B. Slade |
| Ave, Inc., | ) | | |
| Debtor. | ) | | |

## DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL AND TO SHORTEN NOTICE

NOW COMES the Debtor-In-Possession, Bacci Café & Pizzeria on Milwaukee Ave, Inc., ("Debtor"), by its undersigned counsel, and requests that the court enter an order authorizing it to pay pre-petition accrued employee payroll, related taxes and other benefits (the "Motion"). In support of this Motion, the Debtor submits as follows:

### Jurisdiction and Background

1. On December 30, 2025 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. The debtor has elected to proceed under subchapter V of Chapter 11. The subchapter V trustee has not been appointed as of yet. As soon as known, the Subchapter V trustee will receive notice.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. Debtor operates a restaurant and pizzeria at 2 locations and is open to the general public.. The Debtor filed this case to avoid cessation of its business.

**The Debtor's Workforce and Payroll**

5.      The Debtor currently employs 14 employees, most of which are compensated on a hourly basis. All of the Debtor's employees are essential to preserving the value of the Debtor's business. The Debtor's president and spouse are part of the payroll.

6.      Further, just as the Debtor depends on the employees to operate its business, the employees depend upon the Debtor for their livelihood. The employees would be exposed to significant financial hardship if the court does not permit the Debtor to pay the priority prepetition wages and benefits owed to them in the ordinary course of business.

7.      The Debtor's payroll is weekly and disbursed on Monday of each week representing the payroll period from Monday to Sunday of prior weeks. The payroll due for distribution due on January 5, 2026, includes pre-petition payroll from December 22-30th for pre-petition wages earned by its employees. A copy of the debtor's anticipated gross payroll in the sum of $10,498.14 for December 22-30th is attached hereto as **Exhibit "A".**

8.      By this Motion, Debtor requests that the court enter an order authorizing it to pay its prepetition payroll to its employees for the pre-petition period of December 22 through the date of filing.

**Basis for Relief Requested**

9.      The ability to compensate employees in the ordinary course of business is critical to the Debtor's reorganization efforts and consistent with Sections 363(c) and 1108 of the Bankruptcy Code, which together, authorize the continued operation of a business in the ordinary course by chapter 11 debtors. See 11 U.S.C. 363(c)(1) (providing that, so long as "the business of the debtor is authorized to be operated and unless the court orders otherwise, the trustee may

enter into transactions, including the sale or lease of property of the estate in the ordinary course of business, without notice or a hearing"); 11 U.S.C. §1108 (Debtor in possession, as trustee, may operate the debtor's business unless the court orders otherwise). Where debtors have shown that the payment of prepetition claims is critical to the success of their chapter 11 cases, courts in this district and others have authorized debtors to pay prepetition employee obligations.

10.     In this case, honoring prepetition employee obligations is essential to retaining the Debtor's workforce which is vital to its ongoing operations. Should the Debtor fail to make its regularly scheduled payroll, the employees would suffer extreme personal hardship and in many cases will be unable to pay their basic living expenses. Many of the Debtors' employees would likely leave their employment due to the perceived instability of the Debtor, which would substantially impact the Debtor's business operations.

11.     Moreover, the prepetition claims for the obligations owed to its employees are entitled to priority status under sections 507(a)(4) and 507(a)(5) the Bankruptcy Code, so post-petition payment of these claims does not constitute preferential treatment. Accordingly, it is in the best interest of the Debtor's estate, and a reasonable exercise of the Debtor's business judgment, to pay such claims in the ordinary course of business during this chapter 11 case.

12.     The Debtor has sufficient cash on hand to pay the amounts due and owing for employee wages and related expenses as described herein. Allowing the Debtor to pay the prepetition wages and related expenses will allow the Debtor's business operations to continue without interruption, thus maximizing the value of the Debtor's estate.

### The Requirements of Rule 6003(b) Have Been Satisfied

13.     Federal Rule of Bankruptcy Procedure 6003 provides that "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: (b) a motion to use, sell,

lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition."

14. As described above, the Debtor's employees are integral to the Debtor's operations. Failure to satisfy obligations with respect to the employees in the ordinary course of business during the first 21 days of this chapter 11 case will jeopardize the employees' loyalty and trust, causing many of the employees to leave the Debtor's employment, which would severely disrupt the Debtor's operations at this critical juncture.

15. Moreover, the Debtor's employees rely on their compensation for living expenses and the effect of failure to pay the amounts due on a timely basis could be financially disastrous to them. Accordingly, the Debtor submits that it has satisfied the requirements of Rule 6003 to support immediate payment of the employee obligations.

16. The debtor has given 6 days notice via EFC where available, by overnight mail, to all parties and 20 largest unsecured creditors. Given the fact that the debtor will suffer irreparable harm if the motion is not granted, Debtor request that notice be shortened for cause shown.

WHEREFORE, the Debtor prays for entry of the Proposed Order granting it leave to pay certain prepetition employee obligations and related benefits retroactive as outlined in the motion; and granting such other and further relief as the court deems equitable and just.

Respectfully Submitted,
Bacci Café & Pizzeria on Milwaukee Ave, Inc.,

By: /s/ Richard G. Larsen
One of its attorneys

Richard G. Larsen
Springer Larsen, LLC
300 South County Farm Rd., Suite G
Wheaton, Illinois 60187
rlarsen@springerbrown.com